# MOUND COTTON WOLLAN & GREENGRASS LLP

COUNSELLORS AT LAW
ONE NEW YORK PLAZA
NEW YORK, NY 10004-1901

NEW YORK, NY
FLORHAM PARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FORT LAUDERDALE, FL

(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

KENNETH M. LABBATE
PARTNER
212-804-4243
KLabbate@moundcotton.com

October 29, 2018

**VIA ECF ONLY**

Honorable Allyne R. Ross
United States District Judge
United States District Court – Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        RE:   Shana Williams v. Waypoint Resource Group, LLC
                 *18-CV-04921 ARR RML*

Dear Judge Ross:

      We represent Waypoint Resource Group, LLC ("Waypoint") and submit this letter pursuant to §III. A. of Your Honor's Individual Practices and Rules seeking for a pre-motion conference prior to moving to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). By Order dated September 25, 2018, Waypoint's time to appear was extended through October 29, 2018 so this application is timely made.

      Plaintiff Shana Williams commenced this action alleging that Waypoint violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692g in that Waypoint allegedly failed to adequately identify the creditor in a May 14, 2018 letter sent to Plaintiff by Waypoint which is attached to plaintiff's complaint as Ex. 1. (See, ECF No. 1 and 1-1). ("Letter")  The Letter, however, clearly and unambiguously informs Plaintiff that it seeks to collect a debt owed by plaintiff to Verizon on Verizon's behalf. Under existing precedent in the Eastern District, plaintiff's claims are legally insufficient and should be dismissed.

      In addition to clearly identifying itself as a debt collector acting on behalf of Verizon, the Letter provided Plaintiff's account number and noted as well as "Original Creditor: Verizon" at the top of the letter. The Letter also clearly set forth "This notice regarding your account with Verizon is being sent to you by Waypoint Resource Group. Verizon has placed your account with us for collections." As a result of this letter, Plaintiff alleges that Waypoint failed to identify

*Shana Williams v. Waypoint Resource Group, LLC*
October 29, 2018
*18-CV-04921 ARR RML*
Page | 2

the creditor to which the debt was owed in apparent violation of 15 U.S.C. § 1692g(a)(2) and 15 U.S.C. § 1962e. Id. at ¶¶ 17-47. Plaintiff's claim however, lacks merit and should be dismissed.

Section 1692g(a)(2) of the FDCPA requires that a debt collector, in its written notice sent within five days of the initial communication, must include "the name of the creditor to whom the debt is owed." Your Honor has recently analyzed the very issue presented by this claim from the same attorney representing Ms. Williams and has rejected plaintiff's argument as insufficient to state a claim for relief. See, Talyor v. MRS BPO, LLC, No. 2:17-CV-01733 (ARR) (RER), 2017 WL 2861785, at *3 (E.D.N.Y. 2017), (holding "courts… have not required 'magic words' or specific phrases to meet the strictures of the FDCPA.") Id. Other Judges in the Eastern District have similarly held that a debt collection letter may identify the creditor to which the debt is owed either explicitly or implicitly. See, Goldstein v. Diversified Adjustment Serv., Inc., No. 17-CV-04729 (BMC), 2017 WL 5592683, at *3 (E.D.N.Y. 2017). Under established precedent in the Eastern District, the Letter as a matter of law, does not violate the FDCPA and plaintiff's complaint should be dismissed. See also, Wright v. Phillips & Cohen Assocs., Ltd., No. 12-CV-4281 (DRH) (GRB), 2014 WL 4471396 (E.D.N.Y. 2014).

The letter clearly identifies Verizon as the "Client" as well as the "Original Creditor." Verizon is identified five separate times in the Letter. The only other entity identified in the Letter is Waypoint which is clearly identified as the entity assigned by Verizon to collect this debt. The Letter clearly provides that "[t]his notice regarding your account with Verizon is being sent to you by Waypoint Resource Group. Verizon has placed your account with us for collections."
The Letter includes Plaintiff's account number, which Plaintiff would recognize as her Verizon account number in conjunction with the statement that Verizon was the creditor. There can be no confusion that Plaintiff owed a debt to Verizon, and that the Letter sought to collect that debt. The Letter is clear on its face even to the proverbial "least sophisticated consumer" and the complaint should be dismissed.

Plaintiff also alleges that the Letter violated Section 1692g(a)(2) for failing to identify Verizon by its full legal name. This allegation alone is insufficient for plaintiff to state a claim. Verizon is identified by its common, commercially recognized, name. The FDCPA "permits the use of common names, as opposed to their full legal or legal names." Goldstein at *4 (citing Sayra Hernandez v. Professional Claims Bureau, Inc., 16-CV-6849 (PGG) (S.D.N.Y. 2017)). The goal of the FDCPA is to avoid confusion for the least sophisticated consumer and identifying a creditor by its full legal name, a name which the least sophisticated consumer may have never heard, "could serve only to increase confusion for the least sophisticated consumer, who may be more familiar with the creditor's common name." Leonard v. Zwicker & Assocs., P.C., No. 16-CV-14326, 2016 WL 7388645, at *3 (S.D. Fla. 2016), aff'd, 713 F. App'x 879 (11th Cir. 2017). Verizon is the name utilized by the creditor in its commercial interactions and much like the use of the term "Sprint" in Goldstein, cited *supra*, which was found sufficient by Judge Cogan, or the use of the name "Chase" which was found sufficient by Your Honor in Taylor,

*Shana Williams v. Waypoint Resource Group, LLC*
*October 29, 2018*
*18-CV-04921 ARR RML*
Page | 3

cited *supra*, the use of the term "Verizon" cannot, as a matter of law, be said to be confusing even to the least sophisticated consumer and as such, plaintiff's complaint should be dismissed.

Finally, Plaintiff alleges for the same reason as are set forth in support of her §1692g claim, that the Letter violates §1692e. For the reasons set forth above, the letter cannot be said to be confusing or misleading even to the "least sophisticated consumer" and as such, the complaint does not support of claim under §1692e.

**Conclusion**

In light of the above, Waypoint requests a Pre-Motion Conference and leave to file a pre-answer motion to dismiss pursuant to §12(b)(6). Thank you.

Respectfully submitted,

Kenneth M. Labbate. Esq.