# BARSHAY SANDERS PLLC

ATTORNEYS & COUNSELORS AT LAW

BARSHAY SANDERS PLLC
COUNSELORS AT LAW
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530
T: 516-203-7600
F: 516-281-7601
WWW.BARSHAYSANDERS.COM

November 7, 2018

***VIA ECF***
Hon. Allyne R. Ross, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    *Williams v. Waypoint Resource Group, LLC*
>          Docket No.: 1:18-cv-04921-ARR-RML

Dear Judge Ross:

This office represents Plaintiff Shana Williams ("*Plaintiff*") in the above-referenced action, and we submit this letter in response and in opposition to Defendant's letter requesting a pre-motion conference for the purpose of being granted leave to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6).  *Defendant's letter filed as Dkt. No. 11.*

Plaintiff commenced this action following her receipt of a collection letter from Defendant, dated May 14, 2018, through which Defendant was attempting to collect a debt allegedly owed by Plaintiff to an entity identified in the collection letter solely as "Verizon."  Defendant does not dispute this fact or the contents of its letter (nor could it in seeking to make such a motion).  Instead, in seeking leave to file a motion to dismiss, Defendant advances essentially two points.  First, that it identified "Verizon" as the "original creditor" in the header of the letter and, second, that it identified itself as the debt collector within the body of the letter.

Defendant's argument is premised on the fact that the introductory sentence in its letter advises that the "notice [is being sent] regarding your account with Verizon ... [and that] Verizon has placed your account with us for collections.  To this end, Defendant argues that the least sophisticated consumer could not be confused as to the fact that Verizon is the creditor to whom the alleged debt is owed.  Defendant's argument entirely misses the mark and, therefore, any motion to dismiss would be futile. As such, the Court should deny Defendant's request to make such a motion.

The fundamental flaw in Defendant's argument is that it is not the *quantity* of references to Verizon in the collection letter, it is the *quality* of those references.  That is particularly so in this case, because there are ninety-one (91) disparate entities registered in New York which can be identified as "Verizon."

To this end, the putative basis of Defendant's argument is misplaced, to the extent that it seeks to respond to an argument not made by Plaintiff.  More specifically, it is not Plaintiff's contention that Defendant was required to use its client's "full legal name" in the collection letter.

# BARSHAY SANDERS PLLC

ATTORNEYS & COUNSELORS AT LAW

Instead, the Complaint states that the collection letter was required to identify the alleged creditor with sufficient particularity so as to be understandable by the least sophisticated consumer.

Here, if we are to assume *arguendo* that the entity identified solely as "Verizon" is the company which runs many television commercials in this area—an inference that Plaintiff does not make or concede at this time—it does not help Defendant.  That is because popular services offered by entities identifying themselves by the name "Verizon" include (but are not limited to): (i) traditional "land line" telephone services; (ii) wireless telephone services; (iii) internet connection services (iv) "FiOS" branded television services, (v) VOIP services; (vi) the popular "redbox" movie rental automated kiosks, among other products and/or services); as well as others which may or may not have anything at all to do with these legally separate "Verizon" entities.

In light of the above, while the Court must find that the least sophisticated consumer "is neither irrational nor a dolt" (*Campbell v. MBI Associates, Inc.*, 98 F.Supp.3d 568, 577-78 (E.D.N.Y. 2015) (quoting *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010)), the Court must also recognize that the least sophisticated consumer possesses little more than "a rudimentary amount of information" about the world around her.  *Quinteros v. MBI Associates, Inc.,* 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993)).

If the Court is to apply these standards objectively, as it must in the Rule 12(b)(6) context, it must come to the conclusion that motion contemplated by Defendant would be futile.  That is because the Court could not rule in Defendant's favor without accepting the unstated premise in Defendant's application—that being there is only one entity commonly known as "Verizon" and/or that Plaintiff had only one debt owed to any entity identifying itself solely as "Verizon."  As Defendant's motion could not succeed absent any such conclusion, <u>which requires this Honorable Court to deteremine facts dehors the record</u>, the contemplated motion could not possibly succeed on this record.

Notwithstanding the foregoing, Defendant avers that it should be entitled to dismissal of the Complaint upon Your Honor's decision in *Talyor v. MRS BPO, LLC*, No. 217CV01733ARRRER, 2017 WL 2861785 (E.D.N.Y. July 5, 2017) and/or  Judge Cogan's decision in *Goldstein v. Diversified Adjustment Serv., Inc*., 2017 WL 5592683 (E.D.N.Y. Nov. 20, 2017).  Neither of these decisions helps Defendant.

In *Taylor,* the primary issue before the Court was that the header of the letter stated "re: Chase Bank USA, N.A. ("Chase"), but did not identify Chase by the designation "creditor."  In finding that there were no "magic words or specific phrases [needed] to meet the strictures of §1692e," Your Honor held that the letter sufficiently identified Chase as the creditor.

Similarly, in *Goldstein,* Judge Cogan granted the defendant's motion for judgment on the pleadings finding that identifying a creditor only as "SPRINT" would not leave the least sophisticated consumer confused.  In reaching this conclusion, Judge Cogan cited Judge Gardephe's unpublished decision in *Hernandez v. Prof'l Claims Bureau, Inc.* (S.D.N.Y., 16-cv-06849-PGG) with approval, holding that where a collection letter 'repeats the name of the creditor

# BARSHAY SANDERS PLLC

ATTORNEYS & COUNSELORS AT LAW

multiple times, the least sophisticated consumer would not be confused as to the identity of the creditor, even if the word "creditor" is not used.

Here, the letter identifies "Verizon" as the "original creditor." Accordingly, the designation is not the issue.  Instead, it is whether the least sophisticated consumer would be able to discern which entity on the 91 aforementioned entities is meant by "Verizon" alone.  While Defendant argues that a creditor is permitted to use its "commonly used businesses name" in a collection letter, that does not answer the question.   Rather the inquiry here focuses on whether the use of such name can cause the least sophisticated consumer confusion as to the true owner of the debt. In a case directly on point, the Honorable Leonard D. Wexler[1] held that identifying a creditor only as "Verizon" was insufficient for purposes of applying §1692g, given the many different Verizon entities registered to do business in the State of New York.  *See e.g. Beltrez v. Credit Collection Services, Inc.,* No. 14-cv-7303 (LDW)(AKT) (E.D.N.Y. November 15, 2015).  *See also Guarsci v. MRS BPO, LLC*, No. 17-cv-03679 (SJF)(ARL) (E.D.N.Y. October 24, 2017) ("There is nothing in the Collection Letter which would allow the least sophisticated consumer to determine which Verizon entity is the creditor.")  Copies of *Beltrez* and *Guarsci* are attached hereto as "**Exhibits 1**" and "**2**," respectively.)

Simply stated, Defendant could have qualified the reference to the putative creditor by identifying it as "Verizon FiOS," "Verizon Wireless," Verizon RedBox," or otherwise qualifying the naked reference to "Verizon" so as to alert the least sophisticated consumer as to the origin of the debt, but, it did not.  Therefore, the Court should not allow Defendant to escape the strict liability mandates of the FDCPA by asking the Court to excuse its own laziness in drafting a collection letter or, otherwise, accepting the *a fortiori* circular reasoning that "everyone knows Verizon is Verizon..."

For all these reasons, it is respectfully requested that the Court deny Defendant leave to file a motion to dismiss insofar as any such motion would clearly be futile and, therefore, would not only waste judicial resources, it would needlessly delay the prosecution of this case while increasing the costs of same to all parties.

Respectfully submitted,

_/s/_David M. Barshay
David M. Barshay

cc:     All counsel (via ECF)

---

[1]        לברכה זיכרונו