UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHANA WILLIAMS, individually and on behalf of all others similarly situated,

      Plaintiff,

      v.

WAYPOINT RESOURCE GROUP, LLC,

      Defendant.

**18-cv-4921 (ARR) (RML)**

**Not for electronic or print publication**

**Opinion & Order**

---

ROSS, United States District Judge:

Plaintiff, Shana Williams, alleges that a debt collection letter sent to her by defendant, Waypoint Resource Group, LLC ("Waypoint"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, because it failed to clearly and accurately identify the creditor. Because the communication in question adequately discloses the identity of the creditor, I dismiss plaintiff's complaint with prejudice.

## BACKGROUND

On May 14, 2018, Waypoint sent plaintiff a letter regarding a $1,364.84 debt. *See* Compl. Ex. 1, ECF No. 1-1 ("Collection Letter"). The parties do not dispute that Williams is a consumer within the meaning of the FDCPA or that the Collection Letter is a communication subject to the requirements of that Act. Boxed text in the top right corner of the letter lists the date and an account number, and directly below the boxed text, the letter includes the lines "Client Name: Verizon" and "Original Creditor: Verizon." *Id.* The first two sentences of the letter read: "This notice regarding your account with Verizon is being sent to you by Waypoint Resource Group. Verizon has placed your account with us for collections." *Id.* The letter concludes by stating that

1

it "is an attempt to collect a debt" and is a "communication . . . from a debt collector." *Id.* The payment slip includes an account number and states "Client Name: Verizon." *Id.*

On August 29, 2018, plaintiff filed a complaint on behalf of herself and a class, alleging that this letter violates § 1692g(a)(2) of the FDCPA because it fails to clearly identify the name of the creditor to whom the debt is owed, as multiple Verizon entities exist. Compl. ¶¶ 17–37, ECF No. 1; *see also id.* ¶¶ 30–31 ("[T]here are ninety-one (91) disparate entities registered in New York that begin their legal name with 'Verizon.' The least sophisticated consumer would likely be confused as to which of the ninety-one (91) disparate entities . . . is the creditor to whom the debt is owed.").[1] Plaintiff further alleges that the letter's failure to clearly identify the creditor is deceptive and misleading and therefore violates § 1692e(10) of the FDCPA. *Id.* ¶¶ 38–47.[2]

On October 29, 2018, Waypoint requested a pre-motion conference regarding its anticipated motion to dismiss the complaint (ECF No. 11). On November 13, 2018, I issued a notice on the docket finding a pre-motion conference unnecessary and setting a briefing schedule. Waypoint moved to dismiss plaintiff's complaint on January 4, 2019 (Def.'s Br., ECF No. 13), Williams filed her opposition on February 1, 2019 (Pl.'s Opp'n, ECF No. 16), and Waypoint submitted its reply on February 20, 2019 (Def.'s Reply, ECF No. 17). For the reasons that follow, defendant's motion to dismiss is granted.

---

[1] Plaintiff notes that as of February 1, 2019, the day she submitted her opposition brief, there were 101 such entities. *See* Pl.'s Opp'n 2 n.1, ECF No. 16.

[2] Plaintiff's complaint could be read as claiming that the letter fails to identify "Verizon" as the creditor. *See* Compl. ¶ 27 ("The Letter fails to identify any entity as the 'creditor to whom the debt is owed.'"). Plaintiff makes clear in her opposition brief that she has abandoned this unmeritorious argument. *See* Pl.'s Opp'n 9–10 ("[T]he case does not turn on the question of whether [defendant] identified 'Verizon' as the 'creditor.' Instead, the case turns on the question of whether use of the name 'Verizon,' without qualification, is sufficient."); *id.* at 12 (conceding that the letter in this case "does identify Verizon by use of the word 'creditor'").

**STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *County of Erie v. Colgan Air, Inc.*, 711 F.3d 147, 149 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When reviewing a defendant's motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)). As long as the plaintiff alleges sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion will be denied. *Iqbal*, 556 U.S. at 678. However, the court is not required to accept as true conclusory allegations or "formulaic recitation[s] of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Likewise, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* A plaintiff must assert "specific facts or circumstances" in support of his claims; "[a] complaint which [is] . . . unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (quoting *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995)).

**DISCUSSION**

**A. The FDCPA**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To ensure that the statute protects the most vulnerable debtors, courts are to view debt collection communications "from

the perspective of the 'least sophisticated consumer.'" *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318–19 (2d Cir. 1993)). The "least sophisticated consumer" standard of review examines "how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). However, "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." *Clomon*, 988 F.2d at 1319; *see also Rosa v. Gaynor*, 784 F. Supp. 1, 3 (D. Conn. 1989) ("The FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor of a creditor's notice . . . [but] does reach the reasonable interpretation of a notice by even the least sophisticated [consumer]."). The least sophisticated consumer "is neither irrational nor a dolt." *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (citing *Russell*, 74 F.3d at 34). "[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law." *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (quoting *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 707 (S.D.N.Y. 2013)).

## B. Creditor Identification

Section 1692g(a)(2) of the FDCPA requires debt collectors to inform consumers of "the name of the creditor to whom the debt is owed." Plaintiff claims that even though the letter expressly identifies "Verizon" as the "creditor," the use of the name "Verizon," without more, fails to inform the consumer of the name of the creditor to whom the debt is owed because there are numerous entities registered in New York with names beginning with the word "Verizon." *See* Pl.'s Opp'n 8–13. Plaintiff relies on *Beltrez v. Credit Collection Services, Inc.*, No. CV 14-

7303 (LDW)(AKT) (E.D.N.Y. Nov. 25, 2015) and *Guarsci v. MRS BPO, LLC*, No. 17-cv-3679

(SJF)(ARL) (E.D.N.Y. Oct. 24, 2017) to support her argument. In *Beltrez*, the court concluded

that the plaintiff had sufficiently stated a claim under § 1692g(a)(2), in part because "the Notice

does not specify which of many different 'Verizon' entities is meant as the creditor." Barshay

Decl. Ex. 2, at 2, ECF No. 16-3 ("*Beltrez*"). In *Guarsci*, the court held that the plaintiff's § 1692e

claim survived the defendant's motion to dismiss, in part because "[t]here is nothing in the

Collection Letter which would allow the least sophisticated consumer to determine which

Verizon entity is the creditor." Barshay Decl. Ex. 3, at 16, ECF No. 16-4 ("*Guarsci*"). Defendant

argues that the letters in *Beltrez* and *Guarsci* are distinguishable from the letter at issue, *see*

Def.'s Br. 7–8, and that the reasoning in two other opinions—my opinion in *Taylor v. MRS BPO,*

*LLC*, No. 2:17-CV-01733 (ARR)(RER), 2017 WL 2861785 (E.D.N.Y. July 5, 2017) and Judge

Cogan's opinion in *Goldstein v. Diversified Adjustment Serv., Inc.*, No. 17-CV-04729 (BMC),

2017 WL 5592683 (E.D.N.Y. Nov. 20, 2017)—make "clear [that] Plaintiff's claims are

insufficient and should be dismissed even at this early pleading stage," Def.'s Br. 5–7.

In *Taylor*, the plaintiff alleged that a debt collection letter violated § 1692g(a)(2) because

it failed to clearly identify "Chase" as the creditor to whom plaintiff's debt was owed. 2017 WL

2861785, at *2. While the *Taylor* letter did not explicitly refer to Chase as the creditor, the top

right corner stated "RE: CHASE BANK USA N.A."; the main text concluded, "When you call

please let our representative know that you have received the CHASE BANK USA N.A. Option

Letter"; and below the signature line read, "If we settle this debt with you for less than the full

outstanding balance, Chase may offer you less favorable terms in the future for some Chase

products." Labbate Decl. Ex. C, ECF No. 13-4; *see also Taylor*, 2017 WL 2861785, at *1.

Analyzing the letter from the perspective of the least sophisticated consumer, I concluded that it

adequately disclosed the owner of plaintiff's debt and granted defendant's motion to dismiss plaintiff's FDCPA claim. *See Taylor*, 2017 WL 2861785, at *3. While I agree with plaintiff that my decision in *Taylor* addressed a slightly different issue, i.e., whether the letter adequately identified "Chase" as the creditor, I relied on a relevant legal principle, which is that courts must read debt collection letters as a whole when applying the least sophisticated consumer standard. *See id.*; *see also McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002); *Goldstein*, 2017 WL 5592683, at *2; *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007).

Applying this principle, I agree with defendant that the letters in *Beltrez* and *Guarsci* are distinguishable from defendant's letter. Those letters failed to even implicitly identify Verizon as the creditor. The *Beltrez* letter states "Regarding: Verizon" at the top and directs the plaintiff to send her check to Verizon on the payment slip, but the letter nowhere mentions plaintiff's account with Verizon or maintains that it is collecting a debt on behalf of Verizon. *See* Labbate Decl. Ex. E, ECF No. 13-6. The *Guarsci* letter only mentions Verizon once at the top of the letter and likewise fails to mention plaintiff's account with Verizon or clarify that it is collecting a debt on Verizon's behalf. *See* Labbate Decl. Ex. F, ECF No. 13-7. Thus, in those cases, the courts considered the defendants' failure to identify which Verizon entity was the creditor as one factor in concluding that the letters, read as a whole, plausibly gave rise to an FDCPA claim. *See, e.g.*, *Guarsci*, at 16 ("Defendant's Collection Letter contains one reference to Verizon. . . . [and t]here is nothing in the Collection Letter which would allow the least sophisticated consumer to determine which Verizon entity is the creditor, the relationship between Verizon and the Defendant or the basis of Plaintiff's underlying Debt." (citations omitted)).[3]

---

[3] The *Beltrez* court's rationale for denying the defendant's motion to dismiss is less clear. *See Beltrez*, at 2 ("[Plaintiff] argues that [the complaint] sufficiently states a claim, as the Notice does not specify which of many different 'Verizon' entities is meant as the creditor. . . . Upon consideration, the Court finds that [the complaint] sufficiently pleads a claim."). I assume the court's conclusion that the least sophisticated

Defendant's letter, on the other hand, explicitly identifies Verizon as the creditor—it states, "Client Name: Verizon" and "Original Creditor: Verizon" in the top right corner, it opens by clarifying that the letter is regarding plaintiff's account with Verizon and that Verizon has placed plaintiff's account with defendant for collections, and it includes Verizon's name on the payment slip. *See* Collection Letter.[4] Thus, the sole question in this case is whether a debt collection letter that clearly identifies "Verizon" as the creditor must include additional information about which Verizon entity is the creditor in order to adequately communicate the creditor's identity to the least sophisticated consumer. I conclude that it does not. I find Judge Cogan's decision in *Goldstein* to be on point and persuasive. In *Goldstein*, after finding that the debt collection letter implicitly identified "Sprint" as the creditor, the court rejected plaintiff's argument that "defendant's failure to use Sprint's full name is unduly confusing." *Goldstein*, 2017 WL 5592683, at *4. The court reasoned that district courts in this circuit have held that the FDCPA "permits the use of [creditors'] common names, as opposed to their full legal or business names," and concluded that "it strains credulity to believe that plaintiff would have had a better understanding of who she owed money to or that she would have somehow responded differently if Sprint's full name were listed." *Id.*

---

consumer could be confused by the letter was based on the court's reading of the letter as a whole. To the extent that the letter's failure to identify which Verizon entity was the creditor was the determinative factor, however, I do not find this non-controlling opinion persuasive.

[4] In this respect, defendant's letter is even clearer than the letters in *Taylor* and *Goldstein*, which only implicitly identified the creditors. *See Taylor*, 2017 WL 2861785, at *3 ("[T]he Collection Letter mentions Chase two additional times, in a context that 'implicitly mak[es] clear' that Chase is the current creditor." (second alternation in original) (quoting *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549 (ADS)(AKT), 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016))); *Goldstein*, 2017 WL 5592683, at *3 ("[A]lthough the letter does not explicitly identify Sprint as the creditor, several portions of the letter implicitly do so, which, as discussed above, is adequate for purposes of the FDCPA.").

Plaintiff argues that "Verizon" is distinguishable from "Sprint." *See* Pl.'s Opp'n 2 ("While using a creditor's 'commonly known name' would arguably be sufficient in other instances . . . , it is not so here. That is because there are at least ninety one (91) disparate entities registered in New York that begin their legal name with 'Verizon.'"); *id.* at 11–12 ("[W]hile [there] are several entities registered to do business in New York beginning with the word 'Sprint,' most consumers would associate the name 'Sprint' with the company providing cellular telephone services whereas, here, the companies which identify themselves by the commonly-used trade-name 'Verizon' are several and distinct and provide many different services . . . ."); *id.* at 13 ("Verizon has purposely divided Verizon FiOS, Verizon land-line, Verizon wireless and Verizon RedBox (among others) into legally distinct entities . . . ."). I do not find plaintiff's argument persuasive. First, defendant's reply papers undermine the accuracy of plaintiff's distinction between Verizon and Sprint. *See* Def.'s Reply 4 ("Plaintiff's citation to the New York Department of State is misleading, as there are only forty-three (43) [Verizon] entities registered with the New York Department of State that are currently active. By comparison, . . . forty-nine (49) entities possess active registrations with the name 'Sprint.'"). Second, and more importantly, even assuming there is a uniquely high number of registered Verizon entities and that popular Verizon services are divided into several legally distinct entities, "[e]ven the least sophisticated consumer could recognize the entities with who[m] they have conducted business." *Id.* at 5. The letter here explicitly states that plaintiff's Verizon account has been placed with defendant for collections. *See* Collection Letter. The least sophisticated consumer, even one who held multiple Verizon accounts, could figure out from this letter to which Verizon entity it was indebted.[5] *See Greco*, 412 F.3d at 363 ("[T]he least sophisticated consumer can be presumed to

---

[5] This is particularly true where, as here, the relevant account number is included in the letter. *See* Collection Letter.

possess a rudimentary amount of information about the world . . . ." (quoting *Clomon*, 988 F.2d at 1319)).

In sum, if a debt collection letter sufficiently identifies the creditor—either explicitly or implicitly—then using the common name of the creditor does not violate the FDCPA, because even the least sophisticated consumer has the capacity to connect the dots. In this case, defendant's letter clearly identifies the creditor to whom plaintiff's debt is owed. Accordingly, plaintiff has failed to state a claim under § 1692g(a)(2). "[A]s to plaintiff's claim under § 1692e, because [I do] not find that defendant's letter is inadequate under § 1692(g), and because plaintiff has not asserted any other basis for liability under § 1692e, defendant's motion [to dismiss] plaintiff's § 1692e claim is granted." *Goldstein*, 2017 WL 5592683, at *4; *see also McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-cv-4356 (SJF)(ARL), 2016 WL 6069180, at *7 (E.D.N.Y. Oct. 17, 2016) ("The standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g." (quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 666–67 (S.D.N.Y. 2006))).

## CONCLUSION

For the reasons stated in this opinion, Williams' complaint against Waypoint is dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:     March 26, 2019
           Brooklyn, New York